1 | Lonnie D. Giamela, SBN 228435
    E-Mail: lgiamela@fisherphillips.com
2 | Joel Moon (SBN 290470)
    E-Mail: jmoon@fisherphillips.com
3 | FISHER & PHILLIPS LLP
    444 South Flower Street, Suite 1500
4 | Los Angeles, California 90071
    Telephone: (213) 330-4500
5 | Facsimile: (213) 330-4501

6 | Attorneys for Defendants
    BON APPETIT MANAGEMENT CO. and
7 | COMPASS GROUP USA, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| JULIE NORDMAN and LINDA PEPPARS, individually and on behalf of others similarly situated,<br><br>PLAINTIFFS,<br><br>v.<br><br>BON APPETIT MANAGEMENT CO., a California corporation; COMPASS GROUP USA, INC., a Delaware corporation; and DOES 1 through 50, inclusive<br><br>DEFENDANTS. | Case No:<br><br>*[Removed from San Mateo Superior Court Case No. 23-CIV-00188]*<br><br>**DEFENDANT BON APPETIT MANAGEMENT CO.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1441 AND 1446**<br><br>*[Civil Cover Sheet, Declarations of Joel Moon and Kathryn Collins; Corporate Disclosure Statement, Notice of Related Cases, and Certificate of Interested Parties]*<br><br>Complaint Filed: January 17, 2023<br>Trial Date: Not Set |
|---|---|

DEFENDANT BON APPETIT MANAGEMENT CO.'S NOTICE OF PETITION FOR REMOVAL OF ACTION
PURSUANT TO 28 U.S.C §§ 1331, 1441 AND 1446

FP 46367974.1

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS JULIE NORMAND AND LINDA PEPPARS AND THEIR COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that BON APPETIT MANAGEMENT CO. ("BAMCO" or "Defendant"), through its counsel of record, respectfully petitions for removal of the action filed by Plaintiff JULIE NORMAND ("Normand") and Plaintiff LINDA PEPPARS ("Peppars") (collectively, "Plaintiffs") from the Superior Court of the State of California, in and for the County of San Mateo, Case No. 23-CIV-00188, to the United States District Court for the Northern District of California. This District Court has original subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, as they are preempted by the Labor Management Relations Act (LMRA). This removal is timely under 28 U.S.C. § 1446. The grounds for removal are as follows:

**I.  STATEMENT OF JURISDICTION**

1. This matter is a civil action over which this District Court has original jurisdiction based on the existence of a federal question pursuant to 28 U.S.C. § 1331. This action is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(b), as it is a civil action that presents a federal question. *See* 28 U.S.C. §§ 1331, 1441(b).

**II.  VENUE**

2. This action was filed in the California Superior Court for the County of San Mateo. Thus, venue properly lies in the United States District Court for the Northern District of California. *See* 28 U.S.C. §§ 84(c), 1391, and 1441.

**III.  FACTUAL AND PROCEDURAL BACKGROUND**

3. On January 17, 2023, Plaintiffs filed an unverified putative class action Complaint against Defendant BON APPETIT MANAGEMENT CO. and

Defendant COMPASS GROUP USA, INC. ("Compass") (collectively, "Defendants") in the Superior Court of the State of California, County of San Mateo, entitled *Julie Normand v. Bon Appetit Management Co., et al; bearing* Case No. 23-CIV-00188 ("State Court Action").  Declaration of Joel Moon ("Moon Decl."), ¶ 3, **Exhibit 1** ("Complaint").

4. The Complaint alleges eight causes of action for: (1) Failure to Pay All Wages Owed; (2) Failure to Provide Meal periods; (3) Failure to Provide Rest Periods; (4) Failure to Timely Pay Wages; (5) Failure to Provide Accurate Wage Statements; (6) Failure to Reimburse Necessary Business Expenses; (7) Conversion; and (8) Unfair Competition. (Moon Decl., ¶ 3 **Exhibit 1**.) In the Complaint, Plaintiffs seek to represent all current and former non-exempt employees of Defendants employed in California "who work at Oracle Park and/or chase Center" from January 17, 2023 "until the time that notice of the certified class action is provided to the class." (Moon Decl., ¶ 3, **Exhibit 1** (Compl., at ¶ 18.))

5. On January 19, 2023, Plaintiffs served their Complaint, Summons, Civil Case Cover Sheet, Notice of Case Assignment For All Purposes, Designation as Complex Case, Setting of a Case Management and Trial Setting Conference, and Complex Dues on the respective registered agents for Defendants.  (Moon Decl., ¶ 4, **Exhibit 2**.)

6. On January 31, 2023, the Court issued a Case Management Order 1 in the State Court Action.  (Moon Decl., ¶ 5, **Exhibit 3**.)  The Court stayed discovery in the case, until at least the Initial Case Management Conference set for May 4, 2023.  *Id.*  Plaintiffs served the Court's Case Management Order 1 on February 3, 2023.  (Moon Decl., ¶ 6, **Exhibit 4**.)

7. Together, Exhibits 1 through 4 constitute all of the pleadings, process, and orders served upon Defendants in the State Court Action.  (Moon Decl., ¶ 7.)

## IV. TIMELINESS OF REMOVAL

8. This Notice of Removal is timely filed because it is filed within thirty (30) days of service of the Complaint in the State Court Action on Defendants, in which Defendant became aware that this action is removable. Pursuant to 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty days from the date it first objectively learns that an action is removable. A defendant may learn that an action is removable through: (1) the face of the initial pleadings or (2) the receipt "of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b); *see also Reyes v. Dollar Tree Stores, Inc.*, 781 F.3d 1185, 1189 (9th Cir. 2015).

9. Accordingly, this Notice of Removal is timely filed because it is filed within thirty days of service of the initial pleading setting forth the claim for relief upon which the State Court Action is based. See 28 U.S.C. § 1446(b)(3); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (11th Cir. 1999). In addition, this Notice of Removal has been filed within one year of commencement of the State Court Action as required by 28 U.S.C. § 1446(b). Therefore, this Notice of Removal has been timely filed.

## V. A LIBERAL PLEADING STANDARD APPLIES TO A REMOVAL

10. The Supreme Court of the United States has held that notices of removal are subject to the same general pleading standards applicable to complaints pursuant to Federal Rule of Civil Procedure Rule 8(a) and that, accordingly, such notices need not attach evidence nor meet a burden of proof, but rather need contain only a "short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co. LLC v. Owens*, 574 U.S. 81, 88–89 (2014) (quoting 28 U.S.C. § 1446(a)). This governing principle also applies to a removing party's allegations as to the amount in controversy. *Id.*; *see Salter v. Quality Carriers, Inc.*, 974 F.3d


959 (9th Cir. 2020). Only if the court or another party contests the allegations of removability must the removing party submit evidence supporting its allegations, whereupon removability is decided under a preponderance of the evidence standard. *Dart Cherokee*, 574 U.S. at 89; *Salter*, 964 F.3d at 964.

## VI.   GROUNDS FOR REMOVAL

### A.   This Civil Action Is Preempted By The LMRA Pursuant to 29 U.S.C. § 185

11.   This is a civil action over which this Court has original subject matter jurisdiction under 28 U.S.C. § 1331 and removal is proper under 28 U.S.C. §§ 1441 and 1446, in that it is a civil action raising issues directly implicating questions of federal law under § 301 of the LMRA, 29 U.S.C. § 185, et seq. *See Radcliff v. San Diego Gas & Elec. Co.*, 519 F.Supp.3d 743, 747 (S.D. Cal. 2021) ("[A] civil complaint raising claims preempted by § 301 [of the LMRA] raises a federal question that can be removed to a federal court."). The LMRA, which has been specifically held to preempt California state law claims that are substantially dependent upon interpretation of a collective bargaining agreement, provides in Section 301 that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or with regard to the citizenship of the parties." *Curtis, et al. v. Irwin Industries, Inc.*, 913 F.3d 1146, 1155 (9th Cir. 2019); *Radcliff*, 519 F.Supp.3d at 747. To ensure uniform interpretations of collective bargaining agreements, federal law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef Inc.*, 486 U.S. 399, 411 (1988).

12. Accordingly, all state law claims raised by union-represented employees that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301. *Allis-Chalmers Corp. v. Lueck*, 571 U.S. 202, 211 (1985). The Ninth Circuit has deemed this exception to the well-pleaded complaint rule created by Section 301 of the LMRA to be "an essential component of federal labor policy." *Curtis*, 913 F.3d at 1152. This is so even where interpretation is required to evaluate the employer's defense to a plaintiff's state law cause of action. *Id*. While generally federal preemption is a defense that does not authorize removal to federal court, "[Section] 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Id.*, *citing Metro. Life Ins. V. Taylor*, 481 U.S. 58, 65 (1987).

13. To determine whether § 301 preempts a given claim, courts apply a two-part test, commonly referred to as the *Burnside* test. *Gunther v. N. Coast Coop., Inc.*, No. 20-cv-02325-RMI, 2020 WL 3394547, at *3 (N.D. Cal. June 19, 2020). The Ninth Circuit has explained that the LMRA preempts claims in two respects. First, if the claim involves a right that exists because of the CBA rather than state law, then "the claim is preempted, and [the court's] analysis ends there." *Burnside*, 491 F.3d at 1059. Second, if the claim requires the Court to interpret a CBA or is "substantially dependent on analysis of a collective bargaining agreement," the claim is preempted, even if based on state law. *Id*. The inquiry proceeds to a second step, which evaluates "whether litigating the state law claim nonetheless requires interpretation of a CBA, such that resolving the entire claim in court threatens the proper role of grievance and arbitration." *Radcliff*, 519 F.Supp.3d. at 747, citing *Curtis*, 913 F.3d at 1152.

### 1. Plaintiffs' Employment Was Governed By a CBA.

14. Plaintiffs Nordman and Peppars were Union members and their employment with BAMCO was subject to a collective bargaining agreement ("CBA") between BAMCO and UNITE HERE Local 2 (the "Union") that governed the terms and conditions of Plaintiffs' employment. Declaration of Kathryn Collins (("Collins Decl."), at ¶¶ 7–11, **Exhibits A–B**.)

15. The Union represents BAMCO's union, hourly, non-exempt employees employed at both Oracle Park, located at 24 Willie Mays Plaza, San Francisco, California 94107 ("Oracle Park"); and Chase Center, located at 1 Warriors Way, San Francisco, California 94158 ("Chase Center"), including Plaintiffs Nordman and Peppars.

16. The Union is a labor organization within the meaning of Section 301(a) of the LMRA. 29 U.S.C. §§ 152(5), 185(a).

17. Based on the allegations in the Complaint, Defendant BAMCO is an employer within the meaning of the LMRA. 29 U.S.C. § 152(2).

18. The CBAs for both Oracle Park and Chase Center Union employees and BAMCO specifically govern and address: (1) employees' hours of work and working conditions; (2) employee's rates of pay; (3) minimum and guaranteed wages; (4) payment of overtime and overtime rates; (5) timing of payment of wages; (6) entitlement and manner in which rest periods are provided; (7) meal entitlement and manner in which meal periods are provided; (8) and reimbursement and/or use of work-related equipment or tools.  (Collins Decl., at ¶¶ 11, 13, **Exhibits A–B.)**

19. The CBAs for both Oracle Park and Chase Center Union employees and BAMCO also include an explicit grievance and binding arbitration procedure that is the sole and exclusive forum for resolution of the claims alleged by Plaintiffs.

### 2. Plaintiffs' Failure to Reference the CBAs or Section 301 of the LMRA in Their Complaint Does Not Preclude Removal.

20. The Complaint does not discuss the fact that Plaintiffs were members of the Union, or that a CBA governed their employment. However, plaintiffs are prohibited from "artfully pleading" a complaint to conceal its true nature. *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1983) (holding that plaintiff's state law claim was preempted even though the operative complaint made no mention of a collective bargaining agreement). The Court may properly look beyond the face of the State Complaint to determine whether the claims asserted therein are preempted by Section 301. *See Lippitt v. Raymond James Fin. Servs. Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003).

21. State law claims may be "recharacterized" as federal claims under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987).

### 3. Plaintiffs' Claims are Based Upon and Arise from the CBAs and, Therefore, are Preempted Under the First Burnside Prong.

22. As set forth above, the LMRA confers federal subject matter jurisdiction over this action because Plaintiffs' claims arise from the CBA between BAMCO and the Union, and the resolution of those claims requires interpretation of the CBAs. The CBAs set forth policies regarding payment of overtime and overtime hourly rates, the provision of meal and rest periods, the reimbursement of business expenses, the timing of the payment of wages, wage rates, a mandatory grievance procedure and arbitration provision, and other terms and conditions of the Plaintiffs and putative class members' employment with Defendant. (Collins

Decl., at ¶¶ 11, 13, **Exhibits A–B**.) Plaintiffs' claims place the terms of the CBAs at issue and, therefore, are preempted by the LMRA.

        a)    <u>Plaintiffs' Overtime Claims</u>.

23. Plaintiffs' overtime claims are preempted pursuant to statutory overtime laws. "Section 514 of the Cal. Labor Code states that the statutory overtime provisions of § 510 do not apply to an employee who is covered by a valid CBA that expressly provides for the (1) wages, (2) hours of work, (3) working conditions, (4) premium wage rates for all overtime hours, and (5) regular hourly wage, not less than 30% greater than the state minimum wage." *Marquez v. Toll Glob. Forwarding (USA) Inc.*, No. 18-cv-03054, 2018 WL 3218102, at *2 (C.D. Cal. June 28, 2018), *aff'd sub nom. Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679 (9th Cir. 2020); *see also Curtis v. Irwin Indus.*, Inc., 913 F.3d 1146, 1155 (9th Cir. 2019) ("Curtis's CBAs in this case meet the requirements of section 514, and therefore Curtis's claim for overtime pay is controlled by his CBAs").

24. Here, each of the requirements of Labor Code section 514 have been satisfied. Plaintiffs were and/or are union, hourly, non-exempt employees. (Collins Decl. at ¶¶ 8, 10, 11, **Exhibit A**, 13.) Plaintiffs' employment with Defendant was covered by the CBA, which expressly provides for the employees' (1) wages, (2) hours of work, (3) working conditions, and (4) premium wage rates for all overtime hours. (*Id.* at ¶¶ 11, 14, **Exhibit A**.) Further, pursuant to the CBA, both Plaintiffs Nordman and Peppars were paid an hourly rate that was more than 30% greater than the state minimum wage of $12.00 (2019), $13.00 (2020), $14.00 (2021), and $15.00 (2022) per hour that was in effect during Plaintiffs' employment with Defendant. (Collins Decl. at ¶¶ 16-17, **Exhibits D and E**.) More specifically, Plaintiff Nordman was paid a regular hourly rate of $20.75 in 2019 to 2021, and $20.55 to $24.75 in 2022 and 2023. (Collins Decl. at ¶ 16, **Exhibit D**.) Plaintiff Peppars was paid a regular hourly rate of $20.75 in 2019 to 2021, and $20.75 to

1 | $24.75 in 2022. (Collins Decl. at ¶ 17, **Exhibit E**.)  Like Plaintiffs, BAMCO's union, hourly, non-exempt employees employed at both Oracle Park and Chase Center were provided with a regular hourly rate pursuant to the respective CBAs of more than 30% of the state minimum wage during the alleged class period in the Complaint, from 2019 to the present. (*Id.* at ¶ 15.) When, as in this case, the applicable CBA meets the requirements of Labor Code § 514, the right to overtime exists solely as a result of the CBA and LMRA preemption applies.  Accordingly, because the CBA meets the requirements of Labor Code § 514, Plaintiffs' overtime claims are completely preempted by the LMRA.

          b)      <u>Plaintiffs' Meal Period Claims</u>.

25.    Labor Code § 512(e) provides for exemption from the meal period requirements of Labor Code § 512(a) when both of the following conditions are satisfied: (1) the employee is covered by a valid collective bargaining agreement; and (2) the valid collective bargaining agreement expressly provides for meal periods for those employees, final and binding arbitration of disputes concerning application of its meal period provisions, premium wage rates for all overtime hours worked, and a regular hourly rate of pay of not less than 30 percent more than the state's minimum wage rate. Labor Code § 512(f) explains that subdivision (e) specifically applies to employees "employed as a commercial driver," amongst others.  When the Labor Code Section 512(e) exemption applies, a meal period claim pursuant to Labor Code Section 512(a) is statutorily barred. *Marquez v. Toll Glob. Forwarding*, 804 F. App'x 679, 680 (9th Cir. 2020) (affirming district court's holding that plaintiff's meal period claims were preempted); *Araquistain v. Pac. Gas & Elec. Co.*, 229 Cal. App. 4th 227, 236 (2014) ("subdivision (e)(2) provides an exception to the ordinary rule that an employer must provide meal periods of a specified time after a specified amount of work; that is, it provides that where a collective bargaining agreement meets certain requirements, subdivision (a) 'do[es]

not apply.'"). As a result, the meal period claim exists only pursuant to the CBA and, therefore, is preempted by the LMRA under the first prong of the *Burnside* test. *Marquez*, 804 F. App'x at 680; Araquistain, 229 Cal. App. 4th at 236.

26.  Here, the exemption created by Labor Code § 512 applies to Plaintiffs' claims. First, Plaintiffs, and other alleged putative class members are subject to a valid CBAs. (Collins Decl. at ¶¶ 11, 13, **Exhibits A** and **B**.) Second, the CBAs contains express provisions satisfying the conditions set forth in § 512(e)(2). (*Id.*) Third, BAMCO's union, hourly, non-exempt employees employed at both Oracle Park and Chase Center, including Plaintiffs Nordman and Peppars, were provided with a regular hourly rate pursuant to the respective CBAs of more than 30% of the state minimum wage during the alleged class period in the Complaint, from 2019 to the present. (*Id.* at ¶ 15.) Courts have found that if the requirements of § 512(e) are met, an employee's § 512 meal period claim would be preempted under the LMRA. *Marquez*, 804 F. App'x at 681 (9th Cir. 2020) (finding the CBA met section 512(e)'s exemption requirements and thus the plaintiff's "right to meal periods 'exist[ed] solely as a result of the [CBAs]'"); *Radcliff v. San Diego Gas & Elec. Co.*, 519 F. Supp. 3d 743, 751 (S.D. Cal. 2021) (because defendants satisfied their burden to show that § 512(e) applied, plaintiff's meal period claim was preempted by the LMRA).

27.  In sum, Plaintiffs' state law claims for unpaid overtime under Labor Code § 510, untimely payment of wages under Labor Code § 204, and failure to provide compliant meal periods and/or premium pay under Labor Code § 512 are preempted by Section 301 under the first prong of *Burnside* and, thus, this matter is properly removable pursuant to 28 U.S.C. § 1441. *Coria v. Recology, Inc.*, 63 F. Supp. 3d 1093, 1098–99 (N.D. Cal. 2014) (holding plaintiff's meal period and overtime claims arise under the CBA and are preempted by the LMRA because

10
DEFENDANT BON APPETIT MANAGEMENT CO.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1441 AND 1446

FP 46367974.1

Labor Code sections 512(e) and 514 exemptions were met); *Bradford*, 2020 WL 2747767, at *4.

### 4. Resolving Plaintiffs' Claims Requires Interpretation of the CBAs and, Therefore, are Preempted Under the Second Burnside Prong.

28.  Under the second *Burnside* prong, Plaintiffs' claims are preempted by the LMRA because they require interpretation of the CBA provisions regarding Defendant's alleged failure to keep and/or allow inspection of records regarding tips and gratuities, provide expense reimbursement, and the mandatory grievance and arbitration procedures. Plaintiffs' claims place the terms of these CBAs squarely at issue. As demonstrated, resolving the parties' disputes is "substantially dependent" on the interpretation of the CBA. *Burnside*, 491 F.3d at 1059–60; *Firestone v. S. Calif Gas Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000) ("§ 301 does preempt state law claims that are 'substantially dependent' on an analysis of a collective bargaining agreement").

#### a)  <u>Plaintiffs' Failure to Keep and/or Allow Inspection of Records Regarding Gratuities Claims.</u>

29.  Plaintiffs allege that "Plaintiffs and other Class Members repeatedly requested to inspect records regarding the amount of tips and gratuities received by Defendants and how they were distributed, but Defendants refused to provide such records." (Moon Decl., **Exhibit 1**, at ¶ 46.)

30.  Both CBAs provide policies regarding the distribution and recording of records related to gratuities; Articles 10.4 and 19.2(a)(8) in the Oracle Park CBA and Article 10.4 in the Chase Center CBA. (Collins Decl. at ¶¶ 11, 13, **Exhibit A**, Article 10.4, at p. 16, Article 19.2(a)(8), at p. 28; **Exhibit B**, Article 10.4, at p. 15.) More specifically, the Oracle Park CBA requires BAMCO to maintain records of tips collected in a pool and to disburse monies from the pool to eligible employees

1  on a per capita basis of shares allocated based on an individual employee's hours
2  worked. (*Id.*, **Exhibit A**, Article 10.4, p. 16.)

3      31.  Both CBAs require that requests to inspect such records be made
4  through and by the Union upon request. Collins Decl. at ¶¶ 11, 13, **Exhibits A** and
5  **B**.)

6      32.  Plaintiffs' claim is preempted because resolving it would require
7  substantial interpretation of the CBAs.  For example, the Court is required to
8  interpret the CBA provisions to determine which employees are eligible, what must
9  be maintained in the records, how the monies are disbursed, and how the requests
10 are made and reviewed.  Accordingly, Plaintiffs' claims are preempted under the
11 second *Burnside* prong.

                    b)    <u>Plaintiffs' Reimbursement Claims.</u>

13     33.  Plaintiffs allege that "Defendants failed to reimburse Plaintiffs and the
14 Class for all necessary business-related expenses." (Moon Decl., **Exhibit 1**, at ¶
15 45.)

16     34.  However, both CBAs provide policies related to equipment and tools
17 and uniforms; Articles 21.3(b) and 32.1 through 32.4 in the Oracle Park CBA and
18 Article 16 in the Chase Center CBA. (Collins Decl. at ¶¶ 11, 13, **Exhibit A**, Article
19 21.3(b), at p. 36, Article 32.1-32.4, at p. 48; and **Exhibit B**, Article 16, at p. 23.)
20 Specifically, the Oracle Park CBA provides that employees will be provided with
21 functional equipment and tools for employees to perform their duties. (*Id.*, **Exhibit
22 A**, Article 21.3(b), at p. 36.)

23     35.  Plaintiffs' expense reimbursement claims are preempted because
24 resolving it would require substantial interpretation of the CBA. *Linebarger v.
25 Graphic Packaging Int'l, LLC*, No. 20-cv-00309, 2020 WL 1934958, at *6 (C.D.
26 Cal. Apr. 22, 2020) (holding expense reimbursement claim preempted under the
27 second prong of the Burnside test because court would be required to interpret the

expense reimbursement provision of CBA to resolve plaintiff's expense reimbursement claim). For example, the Court would required to interpret the CBAs to determine what functional tools and equipment were provided, the manner in which they were provided, as well as whether the employer-provided uniforms and clothing was adequate and/or necessary to perform their duties. Accordingly, Plaintiffs' claims are preempted under the second *Burnside* prong.

         c)    <u>Plaintiffs' Claims Are Subject To Mandatory and Exclusive Grievance and Arbitration Provisions of the CBAs.</u>

36. Moreover, as Plaintiffs' claims are, in essence, alleged violations of the CBAs at issue, the Court will further be required to analyze and interpret its grievance and arbitration provisions in Article 9 of the respective CBAs. (Collins Decl. at ¶¶ 11, 13, **Exhibit A**, Article 21.3(b), at p. 36, Article 32.1-32.4, at p. 48; and **Exhibit B**, Article 16, at p. 23.) The Court will be required to determine whether Plaintiffs were required to exhaust the grievance and/or arbitration procedures before filing their claim in civil court, and whether Plaintiffs complied with that obligation and exhausted those procedures. Specifically, Article 9.5 of the CBAs state that BAMCO and the Union agree that the grievance procedures "shall be the sole and exclusive method of settling all claims, grievances and controversies arising out of the terms" of the CBAs. (Collins Decl. at ¶¶ 11, 14, **Exhibits A-B**.) Under the LMRA, each of these questions is within the jurisdiction of federal courts. As courts have recognized, preemption under Section 301 of the LMRA is intended to promote extra-judicial dispute resolution pursuant to the parties' agreed upon form of dispute resolution. *See Curtis*, 913 F.3d at 1152 ("The labor arbitrator is usually the appropriate adjudicator for CBA disputes, . . . [the] grievance and arbitration procedures provide certain procedural benefits, including a more prompt and orderly settlement of CBA disputes than that offered by the

ordinary judicial process."). Therefore, Plaintiffs' claims are also exempted by the LMRA because they were required to exhaust the grievance and arbitration procedure set forth in the CBAs.

37. Plaintiffs' claims are substantially dependent upon interpreting the CBAs' terms and provisions. Accordingly, this Court has original jurisdiction over Plaintiffs' claims.

### 5. This Court Has Supplemental Jurisdiction Over the Remaining Claims.

38. To the extent this Court considers Plaintiffs' other theories as separate "claims," this Court has supplemental jurisdiction over those remaining claims, as they form part of the same case or controversy that is the subject of Plaintiffs' overtime, meal and rest period, and reimbursement claims. 28 U.S.C. §§ 1367(a), 1441(a); *see also City of Chicago v. Int'l Conference of Surgeons*, 522 U.S. 156, 156-159 (1997) (affirming the exercise of supplemental jurisdiction over a plaintiff's state law claims where they have a "common nucleus of operative fact" with the federal claims). Moreover, the alleged final wages, non-compliant wage statements, conversion, and violation of Business and Professions Code claims are all derivative of the underlying overtime, meal and rest period, and reimbursement claims. Therefore, to the extent there are remaining claims for relief that are not preempted by Section 301, those claims are so related to the Section 301 claims that they form part of the same case or controversy under Article III of the United States Constitution.

39. Therefore, this Court has jurisdiction over all of Plaintiffs' claims.

## VII. PROCEDURAL REQUIREMENTS FOR REMOVAL

40. Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States District Court for the Northern District of California is the appropriate court to which to remove this action from the San Mateo County Superior Court, where the

action was filed. 28 U.S.C § 1441(a) ("Any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."); *see Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court (Northern District of California) embraces the San Mateo County Superior Court, which is where Plaintiffs' Complaint was filed and where the action is currently pending.  Accordingly, this Court is the appropriate court to which to remove this action.

41.   As required by 28 U.S.C. § 1446(d), a written notice of this Notice of Removal in the United States District Court for the Central District of California will be served on Plaintiffs' counsel record S. Emi Minne and Jill J. Parker of Parker & Minne, LLP.  A copy of the Notice to Adverse Party of Removal of Action to Federal Court is attached to the Declaration of Joel Moon as **Exhibit 5** (without exhibits because the exhibit is this Notice).  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court in the Superior Court for the State of California, County of San Mateo.

42.   Pursuant to 28 U.S.C. § 1446 (b)(2)(A)-(C), all Defendants who have been joined and served in this matter consent to removal and join in this Notice of Removal.

43.   In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on KIK International or filed by it are attached to the Declaration of Joel Moon in support of this Notice of Petition for Removal as **Exhibits 1 - 4**.

44. This notice is executed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

45. In filing this notice, BAMCO does not waive any defenses. In filing this notice, BAMCO does not admit any of the allegations made in Plaintiffs' State Court Action.

## VIII. CONCLUSION

46. This Court has original jurisdiction over this civil action because it presents a federal question, raising issues directly implicating federal law under § 301 of the LMRA, 29 U.S.C. § 185, *et seq.* Based on the foregoing Defendant prays that the State Court Action be removed from the Superior Court of California, County of San Mateo, to the United States District Court for the Northern District of California.

Dated: February 16, 2023					FISHER & PHILLIPS LLP


					By:	/s/ Joel Moon
						LONNIE GIAMELA
						JOEL MOON
						Attorneys for Defendants
						BON APPETIT MANAGEMENT
						CO. and COMPASS GROUP USA,
						INC.

# CERTIFICATE OF SERVICE

I, the undersigned, am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; am employed with Fisher & Phillips LLP and my business address is 444 South Flower Street, Suite 1500, Los Angeles, California 90071.

On February 16, 2023, I served the foregoing document entitled **DEFENDANT BON APPETIT MANAGEMENT CO.'S NOTICE OF PETITION FOR REMOVAL OF ACTION PURSUANT TO 28 U.S.C §§ 1331, 1441 AND 1446** on all the appearing and/or interested parties in this action by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

| | |
|---|---|
| S. Emi Minne<br>Jill J. Parker<br>PARKER & MINNE, LLP<br>700 South Flower Street, Suite 1000<br>Los Angeles, California 90017 | Attorneys for Plaintiffs<br>JULIE NORDMAN and LINDA PEPPARS<br><br>Telephone: (310) 882-6833<br>Fax: (310) 889-0822<br><br>Email: jill@parkerminne.com<br>emi@parkerminne.com |

☒ **[by MAIL]** - I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing this affidavit.

☐ **[by ELECTRONIC SUBMISSION]** - I served the above listed document(s) described via the United States District Court's Electronic Filing Program on the designated recipients via electronic transmission through the CM/ECF system on the Court's website. The Court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document(s). Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed February 16, 2023 at Los Angeles, California.

| Cina Kim | By: /s/ Cina Kim |
|---|---|
| Print Name | Signature |